UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:25-cv-08328-PA-AJR                                             Date: September 16, 2025

Title       Artis-Ray Cash, Jr. v. TransUnion LLC


Present: The Honorable:  **Percy Anderson, United States District Judge**


| Kamilla Sali-Suleyman Kogosov | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |


**Proceedings (In Chambers):  Order Denying Motion for Reconsideration (ECF No. 10)**

On September 3, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis ("IFP request").  (ECF Nos. 1, 3.)  Plaintiff brings this action under the Fair Credit Reporting Act.  (ECF No. 1.)

On September 9, 2025, the Court denied the IFP request and ordered Plaintiff to pay the $405 filing fee within 30 days.  (ECF No. 9.)  The Court found that Plaintiff had the ability to pay the filing fee because his total sources of money, including wages and settlement awards, exceed his average monthly expenses.  (*Id*.)

Now pending is Plaintiff's motion for reconsideration, filed on September 10, 2025.  (ECF No. 10.)  Plaintiff alleges that the settlement awards are no longer available to him due to repayment of debts and ongoing medical expenses from an accident.  (*Id*. at 1.)  Thus, Plaintiff allegedly "lacks the resources to pay the filing fee without sacrificing the necessities of life."  (*Id*.)  Attached to the motion are a medical bill from June 2025 and two bank account statements showing low balances. (*Id*. at 5-7.)

Under the Central District's Local Rule 7-18, a motion for reconsideration must show: (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.  Plaintiff does not explain how the allegations from his Motion fall

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:25-cv-08328-PA-AJR                                    Date: September 16, 2025

Title      Artis-Ray Cash, Jr. v. TransUnion LLC


under any part of this standard or any other standard.  For that reason alone, the motion should be
denied.

        Nevertheless, Plaintiff has not shown that reconsideration is warranted.  The Court takes
judicial notice of Plaintiff's prior litigation history with this Court, which is inconsistent with his
instant allegation that the settlement awards were spent on debts and medical expenses and, thus, are
no longer available to him.  In this action, Plaintiff stated on September 3, 2025, that he had received
$14,000 in settlement awards over the preceding twelve months. Plaintiff's court filings during that
period, however, include multiple applications to proceed in forma pauperis, each affirming that
none of those funds were allocated toward debt repayment or ongoing medical expenses related to
the underlying accident.  *See Cash v. Credit Control, LLC*, Case No. 2:24-cv-08447-AH-E, ECF No.
3 at 2; *Cash v. Absolute Resolutions Investments LLC*, Case No. 2:24-cv-09093-SRM-MAA, ECF
No. 2 at 2; *Cash v. Maximus, Inc.*, Case No. 2:24-cv-09094-RGK-AS, ECF No. 2 at 2; *Cash v.
Resurgent Capital Services, LP*, Case No. 2:24-cv-10356-ODW-SK, ECF No. 2 at 2; *Cash v.
Convergent Outsourcing, Inc.*, Case No. 2:25-cv-00663-AB-PD, ECF No. 2 at 2; *Cash v.
TransUnion LLC*, Case No. 2:25-cv-00961-RGK-AS, ECF No. 2 at 2; *Cash v. Housing Authority*,
Case No. 2:25-cv-00962-WLH-DFM, ECF No. 3 at 2; *Cash v. Radius Global Solutions, Inc.*, Case
No. 2:25-cv-01481-DMG-JDE, ECF No. 2 at 2; *Cash v. Penn Credit Corporation*, Case No. 2:25-
cv-01483-MWF-AS, ECF No. 2 at 2; *Cash v. Shelter Mutual Insurance Company*, Case No. 2:25-
cv-08007-FMO-PD, ECF No. 3 at 2; *Cash v. Monterey Financial Services LLC*, Case No. 2:25-cv-
08008-JWH-ADS, ECF No. 3 at 2; *Cash v. Experian Information Solutions, Inc.*, Case No. 8:25-cv-
01853-MRA-ADS, ECF No. 3 at 2.

        Moreover, the attachments submitted by Plaintiff—namely, the medical bill and personal
bank account statements—do not warrant reconsideration. The medical bill fails to establish any
concrete financial liability, as it is expressly "subject to revision based on actual coverage when
paid." (ECF No. 10 at 5.) Its probative value is further diminished by Plaintiff's litigation history,
which includes multiple in forma pauperis applications affirmatively disclaiming personal
responsibility for medical debt.

        The bank account statements, reflecting low balances in two personal accounts held solely in
Plaintiff's name (id. at 6–7), likewise offer limited insight into his financial condition. Plaintiff has
previously asserted that settlement proceeds were received by his limited liability company, not by
him individually.  *See Cash v. Transunion LLC*, Case No. 2:25-cv-00961-RGK-AS, ECF No. 54 at

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:25-cv-08328-PA-AJR                                    Date: September 16, 2025

Title      Artis-Ray Cash, Jr. v. TransUnion LLC


2; *Cash v. Radius Global Solutions LLC*, Case No. 2:25-cv-01481-DMG-JDE, ECF No. 22 at 2;
*Cash v. Experian Information Solutions, Inc.*, Case No. 8:25-cv-00165-JWH-ADS, ECF No. 40 at 4–
5. Indeed, Plaintiff has previously submitted personal bank statements showing similarly low
balances in a matter where he was later found to have failed to disclose multiple settlement awards.
*See Cash v. Diverse Funding Associates, LLC*, Case No. 2:24-cv-10354-WLH-SK, ECF Nos. 10, 39.


        The bank account statements, reflecting low balances in two personal accounts held solely in
Plaintiff's name (id. at 6–7), likewise offer limited insight into his financial condition. Plaintiff has
previously asserted that settlement proceeds were received by his limited liability company, not by
him individually.  *See Cash v. Transunion LLC*, Case No. 2:25-cv-00961-RGK-AS, ECF No. 54 at
2; *Cash v. Radius Global Solutions LLC*, Case No. 2:25-cv-01481-DMG-JDE, ECF No. 22 at 2;
*Cash v. Experian Information Solutions, Inc.*, Case No. 8:25-cv-00165-JWH-ADS, ECF No. 40 at 4–
5. Indeed, Plaintiff has previously submitted personal bank statements showing similarly low
balances in a matter where he was later found to have failed to disclose multiple settlement awards.
*See Cash v. Diverse Funding Associates, LLC*, Case No. 2:24-cv-10354-WLH-SK, ECF Nos. 10, 39.


        Additionally, Plaintiff's recent litigation history reflects inconsistent representations
regarding his financial status. *See Dunn v. Social Security Administration*, 2025 WL 2597502, at *2
n.1 (E.D. Cal. Aug. 19, 2025) (denying IFP status in part due to conflicting statements across
Plaintiff's applications).  In this case, Plaintiff reported receiving $14,000 in settlement awards, yet
in three other contemporaneous actions, he reported $16,500 in settlement proceeds. *See Cash v.
Shelter Mutual Insurance Co.*, Case No. 2:25-cv-08007-FMO-PD, ECF No. 3 at 1; *Cash v. Monterey
Financial Services LLC*, Case No. 2:25-cv-08008-JWH-ADS, ECF No. 3 at 1; *Cash v. Experian
Information Solutions, Inc.*, Case No. 8:25-cv-01853-MRA-ADS, ECF No. 3 at 1.  These
discrepancies further support the Court's conclusion that Plaintiff has not met the burden of alleging
poverty "with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d
1226, 1234 (9th Cir. 2015).


        Accordingly, the motion for reconsideration is denied.  (ECF No. 10.)


        **IT IS SO ORDERED.**

                                                                          _____

                                                                               :

                                                    **Initials of Preparer**   kss